FIENUP, Appellant, v. GORDON, Respondent.

(168 N. W. 32.)

(File No. 4336.    Opinion filed June 11, 1918.    Rehearing denied July 24, 1918.)

1. **Appeals—Review—Directed Verdict Denied, Under Correct Instructions, Effect, re Evidence to Jury.**

   Where instructions were correct, verdict must be sustained, where court correctly overruled appellant's motion for directed verdict.

2. **Trials—Insufficiency of Evidence—Motion for Verdict, Specification of Particulars In—Knowledge of Existence of Fact, Immateriality.**

   Upon motion for directed verdict, specification of particulars that defendant did not know of existence of facts upon which his counterclaim rested, was insufficient, as right of recovery did not depend upon his knowledge, but upon actual existence of such facts.

3. **Appeals—Error—Evidence of Prejudicial Failure Under Contract—Counterclaim, Refusal to Take From Jury—Evidence, Error.**

   Where evidence which, if believed by jury, would warrant finding that plaintiff had failed in his contract with defendant, and that thereby defendant suffered injury for which he was claiming damages, court did not err in refusing to take defendant's counterclaim from jury.

   Polley, J., dissenting.

Appeal from Circuit Court, Pennington County.    Hon. Levi McGee, Judge.

Action by Gustav Fienup, aaginst C. P. Gordon, to recover upon contract. From a judgment for defendant upon his counterclaim, and from an order denying plaintiff's motion for directed verdict denying the counterclaim, plaintiff appeals.    Affirmed.

*Williams & Sweet,* for Appellant.

*Chas. A. Nystrom,* for Respondent.

WHITING, P. J.    The only question presented upon this appeal is the sufficiency of the evidence to sustain respondent's counterclaim. Appellant assigns as error the refusal of the court to direct a verdict denying the counterclaim and the insufficiency of the

30—Vol. 40, S. D.

evidence to support the verdict which allowed such counterclaim.

[1] The instructions were clearly correct. It follows that, if the court correctly overruled appellant's motion for a directed verdict—in other words, if there was sufficient evidence to go to the jury—such verdict must be sustained.

[2] Respondent contends that appellant failed, in his motion for directed verdict, to sufficiently specify the particulars wherein he claimed the evidence to be insufficient. Among the specifications was one to the effect that respondent did not know of the existence of the facts upon which his claim rested. Such a specification was clearly insufficient, as respondent's right of recovery did not depend upon his knowledge of the existence of the facts giving such right of recovery, but upon the actual existence of such facts.

[3] There were other specifications that were sufficient, but there was evidence which, if believed by the jury, would warrant the jury in finding that appellant had failed in his contract with respondent and would also warrant it in finding that, through such failure on the part of appellant, respondent suffered the injury for which he was claiming damages. The trial court did not err in refusing to take such counterclaim from the jury, as there was sufficient evidence to require the submission of same to the jury.

The judgment and order appealed from are affirmed.

POLLEY, J. (dissenting). Defendant's counterclaim was based upon the loss of two head of cattle, claimed to have been lost because of plaintiff's failure to repair a certain pasture fence, but there is no evidence whatever to show that such cattle were lost through such cause. The evidence shows that the cattle were in the habit of breaking through the fence where it was in repair, and are fully as likely to have been lost through this cause, or because they were stolen or driven off, as because the fence was out of repair.

The judgment on the counterclaim ought to be reversed.